IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Antwoin Ways, #356740, | C/A No.: 1:19-2442-DCN-SVH |
| Plaintiff, | |
| vs. | |
| Major Smith, Associate Warden Canning, Associate Warden Ford, and Kershaw Correctional Institution, | ORDER AND NOTICE |
| Defendants. | |

John Antwoin Ways ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983, alleging a violation of civil rights against the above-named defendants. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff is a state prisoner incarcerated at Kershaw Correctional Institution ("KCI"). [ECF No. 1 at 2]. Plaintiff maintains he arrived at KCI in October 2018 and was placed in a cell with no mattress for several days and no running water for 14 days. *Id.* at 5. He claims he was permitted to shower once a week, was not allowed to communicate with his family members, and was

denied recreation time. *Id.* at 6. He maintains he received no medical evaluation for nearly 60 days after entering KCI. *Id.* at 6. He contends he received no cleaning supplies, causing black mold to grow in his cell. *Id.* at 6. He claims several fires were set within his unit, causing him to experience smoke inhalation as a result of nonworking sprinklers. *Id.* at 6. He maintains KCI is understaffed, placing his safety in jeopardy. *Id.* at 6.

Plaintiff specifically alleges he informed Major Smith ("Smith") of conditions within his cell and that Smith witnessed the fires. *Id.* at 6. He generally alleges defendants Associate Warden Canning ("Canning"), Associate Warden Ford ("Ford") and Smith were notified several times of unconstitutional and inhumane conditions in KCI and did nothing to improve them. *Id.* at 4. Plaintiff has sued each defendant in his official capacity. *Id.* at 2–3.

Plaintiff alleges he suffered staphylococcus-like symptoms and developed growths and rashes because he was not permitted to bathe properly. *Id.* at 7. He claims he developed respiratory problems as a result of smoke and black mold inhalation. *Id.* at 7. He indicates his treatment at KCI has caused him to become emotionally unstable. *Id.* at 7. He maintains he has requested medical attention on multiple occasions, but has not seen a doctor or mental health counselor. *Id.* at 7.

Plaintiff asserts a cause of action for cruel and unusual punishment and requests the court award him damages of $500.00 per day from October 20, 2016, through May 1, 2019, and commute his sentence to community supervision so he may obtain rehabilitation and medical attention.[1]

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

[1] Release from prison is not an available remedy in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (noting attacking the length of duration of confinement is within the core of habeas corpus). Thus, the court is unable to grant Plaintiff's request that his sentence be commuted to home confinement.

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true,

4

to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

1. "Person" Under § 1983

Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722

---

[2] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Plaintiff has named KCI as a defendant in this matter. KCI is not a "person" amenable to suit for damages under § 1983. Therefore, Plaintiff's complaint is subject to summary dismissal as to defendant KCI.

### 2. Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because the defendants in this case are employees of a South Carolina agency, when acting in their official capacities, they are considered an arm of the State and not a "person" within the meaning § 1983. *See Pennington v. Kershaw Cnty., S.C.*, No. 3:12-1509-JFA-SVH, 2013 WL 2423120, at *4 (D.S.C. June 4, 2013) (citing S.C. Code Ann. § 4-1-10 and applying the Eleventh Amendment to a county as "a political subdivision of the

6

State"); *Cone v. Nettles*, 417 S.E.2d 523, 525 (S.C. 1992) (employees of a county Sheriff are state officials); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A state cannot, without its consent, be sued in a district court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case, *see* S.C. Code Ann. § 15-78-20(e).

Plaintiff has named Smith, Canning, and Ford as defendants in their official capacities. [ECF No. 1 at 2–3]. As arms of the State, Smith, Canning, and Ford, in their official capacities, would be immune from a federal lawsuit under the Eleventh Amendment. Therefore, Plaintiff's complaint is subject to dismissal as to defendants Smith, Canning and Ford.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by September 27, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint,

7

the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

September 6, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge